UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-62226-RLR

GLORIA BELIZAIRE,

    Plaintiff,

vs.

SANOFI SERVICES, INC.,
et al.,

    Defendants.
_____/

**ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter is before the Court on the Plaintiff's Motion to Amend at docket entry 23. The Defendants filed a response at docket entry 23. The Plaintiff elected not to file a reply. For the reasons set forth below, the Motion is denied.

The case before the Court concerns hair loss. More specifically, the Plaintiff alleges that a drug sold by the Defendants caused her to lose her hair. This case was initially litigated in MDL 2740, *In re Taxotere (Docetaxel) Products Liability Litigation*. In that MDL, after extensive litigation, the plaintiffs defined their hair loss injury's accrual as when, after chemotherapy and six months of recovery from the chemotherapy, their hair had not returned. DE 6-4 at 1426. The MDL court used that definition when ruling on discovery disputes and, later, on motions for summary judgment. *Id.* at 1428. After the definition resulted in summary judgment being granted in favor of the defendants (on a statute of limitations defense), the plaintiffs moved for the MDL court to permit them to change the defintion of their injury—to dispense with the six-month definition. *Id.* The MDL court refused, finding:

> If the Court were to allow Plaintiffs to amend at this late stage, this would negate a significant amount of the work that has been done in this MDL. Defendants would undoubtedly want to revise certain expert reports and conduct supplemental depositions, and certain rulings from the Court would be mooted. It is apparent that the main reason Plaintiffs wish to amend the LongForm Complaint at this juncture is to save cases that are otherwise subject to dismissal for being filed too late. By redefining the injury and adding allegations of fraudulent concealment, Plaintiffs would not only delay the start of prescription but also require Defendants to defend against the application of contra non valentem based on Sanofi's alleged fraudulent concealment. This Court will not allow Plaintiffs to make these unduly belated amendments that would cause serious prejudice to Defendants. Presumably, Plaintiffs made an informed decision to define their injury the way they originally did. The Court will not allow Plaintiffs at this point in the MDL to backtrack on that decision.

*Id.* at 1428-29.  Prior to remanding the case at bar to this District, the MDL court observed that "[a]ll deadlines for plaintiffs to amend their individual complaints without leave of court have passed." DE 7 at 76.  Additionally, although the Plaintiff in this case was previously afforded an opportunity from the MDL court to amend her individual complaint and to add her own particularized claims, the Plaintiff did not do so. DE 6-4 at 244; DE 6-2 at 120-21.

Here, the Plaintiff has moved to add additional claims, to redefine the accrual of her injury, and to add a demand for punitive damages.  In response, the Defendants point out (i) that the Plaintiff already had an opportunity to plead additional claims, but declined to do so, (ii) that the MDL court previously denied all of the plaintiffs' requests to redefine the accrual of their injuries, and (iii) that the Plaintiff has already pled an entitlement to punitive damages.  In reply, the Plaintiff is silent—the Plaintiff filed no reply.

"[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  This principle, known as the law-of-the-case, is even stronger when cases are remanded from an MDL court, given that all of the efficiencies gained in MDL litigation are lost if, upon

remand, prior rulings are revisited. *E.g., The Judicial Panel on Multidistrict Litigation*, 78 F.R.D. 575, 577 (1978). Here, the MDL court addressed the issue of amended pleadings at length—that matter has already been heavily litigated. For all of the reasons set forth in the Defendants' Response, the Plaintiff's request for leave to amend is denied. Simply stated, the time for amendment has long since passed. This Court will not revisit the MDL court's prior rulings, and the pleadings in this case shall remain the pleadings filed in the MDL.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of April, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record